FAY v. WALDRON et al.

(*Supreme Court, Special Term, New York County.* February 6, 1889.)

·1. PARTNERSHIP—WHAT CONSTITUTES—PARTICIPATION IN PROFITS.
    The defendant conveyed to plaintiff, for a consideration, an undivided half inter-terest in a dramatic composition, and agreed to furnish the necessary scenery for the production of the play; and it was further agreed that all profits arising from the production or sale of the play should be equally divided between them. *Held,* that such.contract constituted the parties thereto partners.

·2. SAME—ADMISSION OF THIRD PERSON.
    It was provided by the contract that neither party should transfer his interest in the play without the written consent of the other. *Held,* that a third person could not be considered a partner by virtue of a subsequent agreement with defendant for a share of the profits, where such written consent of plaintiff had not been ob-tained, and there were no profits arising from the production of the play.

Action by Hugh Fay against Nelson Waldron and William H. McGiven to .obtain a dissolution of partnership, and for an accounting.

*George H. Hart,* for plaintiff. *William Sulzer,* for defendants.

INGRAHAM, J. By the agreement annexed to the complaint, the defend-.ant Waldron conveyed to the plaintiff one equal undivided half of the play or ,effects or dramatic composition called "The Light on the Point," for the sum .of $1,200. The agreement then provides that Waldron shall furnish the nec-essary scenery and the rubber dress to be used in the production of the said play, and that all profits, benefits, increase, and income derived from the pro-duction or sale of the said play is to be equally divided between them. It is evident by this contract that the parties became copartners, and the play be-' longed to the copartnership; Waldron contributing the play, and the neces-.sary scenery and rubber dress to be used in the production of the said play,· .and the plaintiff contributing $1,200, and the parties to divide the profits .from the production and the sale of the play. It is not necessary, to consti-tute a valid partnership, that the parties should describe themselves as part-ners, or that they should agree to share the losses. There is no provision ,that either party should render special service for which the profits to be paid .can be said to be compensation.

The evidence, however, fails to sustain the allegation that the defendant McGiven was subsequently made a partner. By the express provisions of the .contract between the plaintiff and Waldron, it is provided that neither party .shall have the right to sell or transfer to any other party his right, title, or interest in and to the said play without obtaining the written consent of the .other party. No such written consent was ever executed by either of the par-.ties to that agreement, and the language alleged by the plaintiff to have been used by Waldron was more an executory agreement to make McGiven a part-ner. No interest in the play could be assigned to Mr. McGiven without the written consent of both parties; and, as there were no profits made by the production of the play, McGiven, assuming that the plaintiff's account of the interview with Waldron is correct, could have no interest except in the profits .derived from the production of the play. There should be judgment that the ,copartnership existing between plaintiff and Waldron be dissolved, that the parties account before a referee to be appointed, and that a receiver be ap-pointed to dispose of the assets of the copartnership. Findings and judg-ment to be settled on notice.